Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-10-00217-CV

George Richard **HERNDON**,
Appellant

v.

Bonny Elaine **HERNDON**,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 03-08-23,745-CV
Honorable Camile G. Dubose, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  October 27, 2010

AFFIRMED

Appellant, George Richard Herndon, appeals from a December 16, 2009 Order in Suit to Modify Parent-Child Relationship.  Because we conclude appellant waived any right to complain on appeal, we affirm.

### BACKGROUND

In 2003, the trial court entered a Final Decree of Divorce granting a divorce between appellant and appellee, Bonny Elaine Herndon.  On March 5, 2009, appellee filed a Petition to

Modify the Parent-Child Relationship, and on October 14, 2009, the parties reached a settlement agreement, which was read into the reporter's record. Pursuant to the parties' agreement, appellee's attorney was to prepare the proposed order. Appellee's attorney reduced the agreement to writing and, on November 10, 2009, sent the proposed order to appellant's attorney, who did not respond. On December 1, 2009, appellee's attorney sent the proposed order to the trial judge with a letter asking the judge to sign and enter the order within five days if appellant's attorney lodged no objections to it. On the same day, appellee's attorney also sent a copy of the letter and the proposed order to appellant's attorney. Fifteen days later, on December 16, 2009, the trial judge signed the Order in Suit to Modify the Parent-Child Relationship.

After hiring a new attorney, appellant filed a motion for new trial, alleging discrepancies between the parties' settlement agreement and the order actually entered. At a continuance hearing regarding the motion for new trial, the trial judge stated on the record: "[Appellant's former attorney] was given an opportunity to review the order and the Court actually called him to make sure that he had no objections to the order, [and] we were informed that we could sign the order, and I actually held it for 15 days before I signed it." When appellant's attorney stated, "[M]aybe the telephone call from the Court did not get through to [appellant's former attorney]," the trial judge replied, "No, it got through to him . . . . We were told to sign the order, which we did."

At the hearing on appellant's motion for new trial, appellant's attorney told the trial judge, "Your Honor, . . . there [are] fairly minor changes to [the order]. When I say minor, for instance there's a problem with pick-up and drop-off of the children and there's other things in there that don't reflect what the agreement was . . . ." The trial judge denied appellant's motion

for new trial, explaining: "Just because [appellant doesn't] like the order that was entered, other than the fact that it was entered, is not a ground for a new trial. [Appellant] had ample opportunity to review the order. His counsel was given the order. He was contacted by the Court."

## DISCUSSION

In his sole issue on appeal, appellant contends the Order in Suit to Modify the Parent-Child Relationship impermissibly adds to and modifies the parties' settlement agreement. Appellee responds that appellant waived his complaints by failing to object when given notice of the proposed order. We agree with appellee. "A party's express renunciation of a known right can establish waiver. Silence or inaction, for so long a period as to show an intention to yield the known right, is also enough to prove waiver." *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996) (citations omitted). Waiver is a question of fact, unless the facts and circumstances are admitted or clearly established, in which case the question becomes one of law. *Id.*

Here, appellant was given at least two opportunities to object to the proposed order. First, he remained silent for fifteen days after receiving a copy of the proposed order along with a copy of the letter sent to the court asking the judge to sign it if appellant made no objections within five days. Then, appellant's former attorney expressly consented to the trial judge's signing of the order in a phone conversation with the court coordinator. Based on this, we conclude the error, if any, was waived.

## CONCLUSION

Because appellant waived any alleged error in the entering of the Order in Suit to Modify the Parent-Child Relationship, we overrule appellant's sole issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice